# United States Court of Appeals
### For the First Circuit

No. 23-2037

_____

**UNITED STATES**

**Appellee,**

**v.**

**JERRY OMAR RODRIGUEZ-REYES, a/k/a Quiri**

**Defendant-Appellant**

_____

**On appeal from the United States District Court for the District of Puerto Rico**

_____

**BRIEF FOR DEFENDANT-APPELLANT
JERRY OMAR RODRIGUEZ-REYES, a/k/a Quiri**

**MARIA SOLEDAD RAMIREZ
BECERRA**
**MARIA SOLEDAD RAMIREZ-
BECERRA LAW OFFICE**
Minillas Station
P.O. Box 40284
San Juan, Puerto Rico 00940
Tel. (787) 725-7776
msrblawoffice@gmail.com
Court Appointed Counsel for Appellant

# United States Court of Appeals
## For the First Circuit

No. 23-2037

_____

## UNITED STATES

### Appellee,

### v.

## JERRY OMAR RODRIGUEZ-REYES, a/k/a Quiri

### Defendant-Appellant

_____

**On appeal from the United States District Court for the District of Puerto Rico**

_____

## TABLE OF CONTENTS

page

I.  STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION ................................................................................2

II. STATEMENT OF THE ISSUES ON APPEAL .........................................2-3

**THE DENIAL OF A REDUCED SENTENCE UNDER THE FIRST STEP ACT OF 2018 IS AN ERROR OF LAW AND ALSO CONSTITUTES AN ABUSE OF DISCRETION FOR THE FOLLOWING REASONS:** .........................................2

**(A)   MR. RODRIGUEZ REYES WAS ELIGIBLE  FOR A REDUCED SENTENCE BECAUSE THE FIRST SENTENCING ACT OF 2010 MODIFIED THE STATUTORY PENALTIES FOR HIS CRACK COCAINE CONVICTION FOR AN OFFENSE COMMITED UNDER 21 U.S.C. §841 (a)(1)** ......................................................2-3

**(B)   THE DISTRICT COURT FAILED TO CONSIDER THE BROAD SCOPE OF INTERVENING CHANGES OF FACTS AND THE LAW SINCE MR. RODRIGUEZ-REYES' PRIOR SENTENCE** .................................................................................3

**(C)   THE DISTRICT COURT FAILED TO EXPLAIN ITS' DECISION AND DEMONSTRATE THAT IT CONSIDERED THE PARTIES' ARGUMENTS.** .........................................................3

**(D)   THE DENIAL OF THE SENTENCE REDUCTION MAINTAINING THE PREVIOUS SENTENCE IN EFFECT RESULTED IN A SENTENCE GREATER THAN NECESSARY THAT FAILED TO CONSIDER THE INTERVENING CHANGES OF LAW AND FACT THAT WARRANTED A MUCH LOWER SENTENCE.** ...........................................................3

III.   STATEMENT OF THE CASE.....................................................3-9

IV.   SUMMARY OF THE ARGUMENTS .......................................9-10

V.   STANDARDS OF REVIEW........................................................ 10

VI.   ARGUMENTS ......................................................................10-25

Argument as to Issue A

**MR. RODRIGUEZ REYES WAS ELIGIBLE  FOR A REDUCED SENTENCE BECAUSE THE FIRST**

<u>page</u>

**SENTENCING ACT OF 2010 MODIFIED THE STATUTORY PENALTIES FOR HIS CRACK COCAINE CONVICTION FOR AN OFFENSE COMMITED UNDER 21 U.S.C. §841 (a)(1)**................................................................10-16

Argument as to Issue B

**THE DISTRICT COURT FAILED TO CONSIDER THE BROAD SCOPE OF INTERVENING CHANGES OF FACTS AND THE LAW SINCE MR. RODRIGUEZ-REYES' PRIOR SENTENCE** ...............................................16-21

Argument as to Issue C

**THE DISTRICT COURT FAILED TO EXPLAIN ITS' DECISION AND DEMONSTRATE THAT IT CONSIDERED THE PARTIES' ARGUMENTS.** ................................21-22

Argument as to Issue D

**THE DENIAL OF THE SENTENCE REDUCTION MAINTAINING THE PREVIOUS SENTENCE IN EFFECT RESULTED IN A SENTENCE GREATER THAN NECESSARY THAT FAILED TO CONSIDER THE INTERVENING CHANGES OF LAW AND FACT THAT WARRANTED A MUCH LOWER SENTENCE.** ................................22-25

VII.    CONCLUSION ........................................................... 26

VIII.   CERTIFICATE OF COMPLIANCE ............................................. 27

IX.     CERTIFICATE OF SERVICE .................................................27-28

# United States Court of Appeals
## For the First Circuit

No. 23-2037

_____

### UNITED STATES

Appellee,

v.

### JERRY OMAR RODRIGUEZ-REYES, a/k/a Quiri,

### Defendant-Appellant

_____

On appeal from the United States District Court for the District of Puerto Rico
_____

### TABLE OF AUTHORITIES

**page**

I.    **CASES**

*Concepción v. United States*, 597 U.S. 481, 486, 492-494, 497-498, 500-501, 142 S. Ct. 2389, 2399, 2400, 2402, 2404, 213 L. Ed. 2d 731 (2022)......................................................................10,16, 17,
.........................................................................................18,19, 22

*Dorsey v. United States*, 567 U.S. 260, 268, 132 S. Ct. 2321, 183 L. Ed. 2d 250 (2012)...........................................................11

*United States v. Ayala Vazquez*, 96 F. 4th 1, 12 (1st Cir. 2024) ...........................10

*United States v. Bethea*, 841 Fed. Appx. 544 (4th Cir. 2024)
(unpublished) ...................................................................................15

*United States v. Concepción,* 991 F. 3d 279, 284 (1st Cir. 2021).................. 10

*United States v. Del Valle Rodriguez,* 761 F. 3d 171, 176 (1st
Cir. 2014).......................................................................... 23

*United Sates v. Fanfan*, 558 F. 3d 105, 107 (1st Cir. 2009) ............................ 10

*United States v. Flores-Machicote,* 706 F. 3rd 16, 25 (1st Cir.
2013)................................................................................. 23

*United States v. Guzman-Fernandez*, 824 F.3d 173, 176 (1st Cir.
2016)................................................................................. 23

*United States v. Harris,* 960 F. 3d 1103 (8th Cir. 2020) ........................... 25

*United States v. Henderson,* 399 F. Supp. 3d 648, 653 (D. Ct.
W.D. Louisiana 2019) ................................................................. 13

*United States v. Jones*, 962 F. 3d 1290, 1296 (1st Cir. 2020)......................... 10

*United States v. Martin*, 2019 WL 2571148, *3 (EDNY 2019) ...................... 13

*United States v. Khut*, 2019 WL 4345294 (D. Ct. MA 2019)
(unpublished) ................................................................. 24

*United States v. Nasir Addul-Ali,* 19 F. 4th 835, 837 (5th Cir
2021)................................................................................. 25

*United States v. Smith*, 954 F. 3d 446, 448, 450, 452 (1st Cir.
2020).........................................................................10,13, 24-25

_United States v. Valle-Colon_, 21 F. 4th 44, 50 (1st Cir. 2021) ............................25

_United States v. Vargas Garcia_, 794 F. 3d 162, 167 (1st Cir. 2015) ................................................................................................25


## II.    **STATUTES**

First Sentencing Act of 2010, Pub. L. No. 111-220, 124 stat. 2372 (2010) ......................................................... 11,12, ................................................................................. 23,26

First Step Act of 2018, Pub. L. No. 115-391, Sec. 404 ........................ 11,12, 13, ................................................................................. 14,15, 21 ................................................................................. 26

18 U.S.C.A. §924 (c)(1)(A)(i)............................................... 2, 4

18 U.S.C.A. §924 (c)(1)(A)(ii) ............................................. 2, 4

18 U.S.C.A. §924 (c)(1)(A)(iii) ............................................ 2, 4

18 U.S.C.A. §924 (o)........................................................... 2, 4

18 U.S.C.A. §3553 (a)......................................................... 7, 8,9, ................................................................................. 20, 24, 26

21 U.S.C.A. §841 (a)(1) ...................................................... 2, 4, 5, 14 ................................................................................. 25

21 U.S.C.A. §841 (a)(1)(A) ................................................. 4

21 U.S.C.A. §841 (b)(1) ...................................................... 2, 4,13-14 ................................................................................. 15, 24

21 U.S.C.A. §841 (b)(1)(A)............................................................ 2, 4, 25

21 U.S.C.A. §841 (b)(1)(A)(iii) ..................................................... 11, 14

21 U.S.C.A. §841 (b)(1)(B)(iii) ..................................................... 11,14

21 U.S.C.A. §860 ......................................................................... 2, 4, 4

28 U.S.C.A. §1291 ....................................................................... 2, 4

## III.   <u>UNITED STATES SENTENCING GUIDELINES</u>

U.S.S.G. §2A.1.1...........................................................................5

U.S.S.G. §2D.1.1...........................................................................5

U.S.S.G. §2D.1 (d)(1)....................................................................5

U.S.S.G. §3B1.1(c).........................................................................5

U.S.S.G. §3B.1.4............................................................................5

## IV.   <u>LOCAL RULES</u>

First Cir. Local Rule 32.1.0 (a).......................................................15

# United States Court of Appeals
## For the First Circuit

No. 23-2037

_____

### UNITED STATES

**Appellee,**

**v.**

### JERRY OMAR RODRIGUEZ-REYES, a/k/a Quiri

**Defendant-Appellant**
_____

**On appeal from the United States District Court for the District of Puerto Rico**

_____

## BRIEF FOR DEFENDANT-APPELLANT JERRY OMAR RODRIGUEZ-REYES, a/k/a Quiri

## TO THE HONORABLE COURT:

Defendant-appellant, Jerry Omar Rodríguez-Reyes ("appellant" or "Mr. Rodriguez-Reyes"), through the undersigned Court appointed counsel under the Criminal Justice Act, respectfully appeals from the District Court for the District of Puerto Rico's denial of a motion filed under the First Step Act, seeking a reduction in his life sentence after a verdict found him guilty as charged for (i) conspiring to possess with intent to distribute fifty (50) grams of more of cocaine base ("crack") and a mixture or substance containing a detectable amount of marihuana in

violation of Title 21, USC, §§§ 841 (a)(1), 841 (b)(1)(A) and 860 and (ii) conspiring to possess, use, carry, brandish and discharge firearms in furtherance of, or during and in relation to the drug trafficking crime in Count One in violation of Title 18 USC, §§§§ 924 (c)(1)(A)(i), (c)(1)(A)(ii), (c)(1)(A)(iii) and 924 (o). Mr. Rodriguez-Reyes having served almost twenty (20) years in prison, respectfully prays that said order be reversed and the case be remanded for resentencing due to the following reasons:

## I. Statement of Subject-Matter and Appellate Jurisdiction

The jurisdiction of this Court rests upon 28 U.S.C. §1291 as this is an appeal challenging a decision rendered by the United States District Judge Francisco A. Besosa (District of Puerto Rico) in criminal case number 3:06-cr-00299 (FAB). Judgment was entered on November 7, 2023. (See, Docket No. 1987, Addendum pgs. 3-4). A timely notice of appeal was filed on November 19, 2023. (See Docket No. 2982, Addendum pgs. 1-2).

## II. Statement of the Issues on Appeal

**THE DENIAL OF A REDUCED SENTENCE UNDER THE FIRST STEP ACT OF 2018 IS AN ERROR OF LAW AND ALSO CONSTITUTES AN ABUSE OF DISCRETION FOR THE FOLLOWING REASONS:**

**(A) MR. RODRIGUEZ REYES WAS ELIGIBLE FOR A REDUCED SENTENCE BECAUSE THE FIRST SENTENCING ACT OF 2010 MODIFIED THE STATUTORY PENALTIES FOR HIS CRACK COCAINE**

**CONVICTION FOR AN OFFENSE COMMITED UNDER 21 U.S.C. §841 (a)(1) PRIOR TO THE FAIR SENTENCING ACT OF 2010.**

**(B)   THE DISTRICT COURT FAILED TO CONSIDER THE BROAD SCOPE OF INTERVENING CHANGES OF FACTS AND THE LAW SINCE MR. RODRIGUEZ-REYES' PRIOR SENTENCE.**

**(C)   THE DISTRICT COURT FAILED TO EXPLAIN ITS' DECISION AND DEMONSTRATE THAT IT CONSIDERED THE PARTIES' ARGUMENTS.**

**(D)   THE DENIAL OF THE SENTENCE REDUCTION MAINTAINING THE PREVIOUS SENTENCE IN EFFECT RESULTED IN A SENTENCE GREATER THAN NECESSARY THAT FAILED TO CONSIDER THE INTERVENING CHANGES OF LAW AND FACT THAT WARRANTED A MUCH LOWER SENTENCE.**

## III.   Statement of the case

Mr. Rodriguez-Reyes, federal prisoner # 30100-069, is forty-four (44) years old[1]. He is serving life in prison for almost twenty (20) years.[2] His sentence was imposed on December 7, 2010 based on a jury trial conviction as charged  for the following two counts in the superseding indictment: Count One (1): conspiring to possess with intent to distribute fifty (50) grams of more of cocaine base ("crack") and a mixture or substance containing a detectable

---

[1]   See, Pre-Sentence Investigation Report, ("PSR"), Docket No. 1400, at pg. 4, Confidential Appendix, pg. 3.

[2]   He is detained since his arrest on September 22, 2006. (See, PSR, Docket No. 1400, at pg. 2, line 1, Confidential Appendix, pg. 2, line 1).

amount of marihuana in violation of Title 21, USC §§§ 841 (a)(1), 841 (b)(1)(A) and 860 and Count (2) conspiring to possess, use, carry, brandish and discharge firearms in furtherance of, or during and in relation to the drug trafficking crime in Count One in violation of Title 18 USC §§§§ 924 (c)(1)(A)(i), (c)(1)(A)(ii), (c)(1)(A)(iii) and 924 (o).[3]

Although he was sentenced after the enactment of the Sentencing Act of 2010, the life sentence was imposed under the legal authority existing prior to the Sentencing Act. Consequently, the District Court applied the pre-sentencing Act of 2010 statutory penalties for Count One (1) pursuant to Title 21 U.S.C. § 841 (a)(1)(A) and 21 U.S.C. § 860 of 10 years to life imprisonment,[4] and the sentencing guidelines' recommendations contained in the Pre-Sentence Investigation Report applying the November 1, 2009 edition of the United States Sentencing Guidelines Manual. Under said Guidelines the total offense level for Mr. Rodriguez-Reyes was 43 and a criminal history category of I,

---

[3]    See June 11, 2010 jury verdict, Docket 1331, Appendix at pgs. 11-13. According to the superseding indictment the conspiracy began on or about the year 2003 and continued up to August of 2006. See, PSR, at pg. 6, paragraph one (1), Confidential Appendix, pg. 5, paragraph 1.

[4]    See, PSR, at pg. 34, paragraph 142, Confidential Appendix, at pg. 11, paragraph 142.

which carried a guideline imprisonment range of life.[5]

During his almost twenty (20) years in prison, Mr. Rodriguez-Reyes has demonstrated his extraordinary efforts towards his rehabilitation. He presented evidence before the District Court that while incarcerated he participated in over 1,962 hours of BOP educational and vocational programs, including completion of Re-Entry Life Skills class, the employment Skills class, Personal Development, the Parenting class, Bee keeping, and his participation in hundreds of hours of English as a Second Language training.[6]   He also presented evidence before the District Court of the faith given by a member of the Federal Bureau of Prisons' Staff regarding his rehabilitation as follows:

"*I can attest that you have done a job in your studies exceptionally well,*

---

[5]     The applicable guideline for a conviction of violation of Title 21 U.S.C. §§ 841 and 860 were found in §§ 2D1.1 and 2D1.2 of the U.S.S.G. Nonetheless, because seven (7) victims were killed to keep control of the drug point and/or to take over the drug point in another housing project, a cross reference to apply U.S.S.G § 2A1.1 under U.S.S.G §2D1.1(d)(1), established a base offense level of forty-three (43). Said base offense level was further increased four (4) additional levels: two (2) levels for Mr. Rodriguez-Reyes' role in the offense pursuant to U.S.S.G. § 3B1.1(c) and two (2) levels because minors were used in the commission of the offense pursuant to U.S.S.G. § 3 B1.4. Pursuant to U.S.S.G., Chapter 5, Part A, an offense level of more than 43 is to be treated as an offense level of 43. (See, PSR at pgs. 30-31, paragraphs 118-126, Confidential Appendix, at pgs. 7-8, paragraphs 118-126).

[6]     See, evidence of programs completion, Appendix at pgs. 20-27.

*and mimic attributes of the pillars of our communities within here and on the outside. I believe that you have come a long way and society would be happy to know that. You have been rehabilitated and have become a responsible individual. You are a truly success story.*" (See, Federal Bureau of Prisons Staff's disposition, Appendix at pg. 19, emphasis added).

Moreover, there is evidence in the record that Mr. Rodriguez-Reyes had a difficult childhood, his father was a drug addict, and his mother was an alcoholic. His mother physically abused and neglected him. (See, PSR pg. 32, paragraph 132, Confidential Appendix, pg. 9, paragraph 132). Based on these factors, which were considered in the PSR, the United States Probation Officer concluded the following: "[*T]hese traumatic experiences might have contributed to the development of Mr. Rodriguez-Reyes' antisocial personality traits.*" (See, PSR, pg. 37, paragraph 162, Confidential Appendix, pg. 14, paragraph 162).

Moreover, Mr. Rodriguez-Reyes was in Criminal History Category I.[7] He has no prior convictions. (See, PSR, pg. 31, paragraph 129, Confidential

---

[7]     His prior record included one (1) juvenile adjudication which did not yield criminal history points. (See, PSR at pg. 31, paragraph 127, Confidential Appendix pg. 8, paragraph 127).

Appendix, pg. 9, paragraph 129).

On October 13, 2023, Mr. Rodriguez-Reyes filed a Motion for Sentencing Reduction based on the First Step Act. (See, Docket No. 1968, Appendix pgs. 1-27). In the same he claimed eligibility for a sentence reduction because the statutory penalties for cocaine that he was found guilty as charged in his indictment of more than 50 grams of crack cocaine were reduced under the Fair Sentencing Act of 2010 to a minimum of 5 years up to a maximum of 40 years, instead of life. He submitted that because said penalties were applied retroactively pursuant to the First Step Act of 2018 and based on the applicable section 3553 sentencing factors and his post-sentence evidence of his exemplary post-conviction rehabilitation, the District Court should exercise discretion and reduce his life sentence to 210 months of incarceration. (See, Docket No. 1968, Appendix at pgs. 6-27).

The United States opposed to Mr. Rodriguez-Reyes' request based on two reasons. (See, Docket No. 1980, Appendix pgs. 28-31). First it argued that "*[B]ecause defendant's sentence was "imposed…in accordance" with the Fair Sentencing Act, defendant is not entitled to relief under the First Step Act*." (See, Docket No. 1980, Appendix, at pg. 29, 1st paragraph, last sentence, emphasis added). Second, the United States submitted that assuming that Mr.

Rodriguez-Reyes was eligible, "*the §3553(a) factors weight against reducing defendant's sentence*." (See, Docket No. 1980, Appendix pg. 29, 3rd paragraph, emphasis added). The United States submitted that Mr. Rodriguez-Reyes' actions in the offense of leading "*a drug trafficking organization that was extremely violent and recruited minors to participate in its criminal activities…*" and involved at least seven (7) killings, "*reflect the defendant's antisocial characteristics, lack of value for the human life, and lack of respect for the law*." (See, Docket No. 1989, Appendix, pg. 30, 2nd paragraph)(emphasis added).

In response to the above, the United States' Probation filed a Motion in Compliance with Order. (See, Docket No. 1972, Appendix at pgs. 32-35). In the same, he acknowledged that upon sentencing Mr. Rodriguez-Reyes, the November 1, 2009 United States' Sentencing Guidelines Manual was applied. (See, Docket No. 1972, Appendix 33, footnote 1). In addition, he accepted that Mr. Rodriguez-Reyes was eligible to the First Step Act provisions. (See, Docket No. 1972, Appendix pg. 33, 4th paragraph, 1st sentence).

On November 7, 2023, the District Judge Besosa denied Mr. Rodriguez-Reyes' request concluding that he was not eligible because "*he was sentenced when the Fair Sentencing Act was already applicable*." (See, Docket No. 1981,

Addendum, pg. 4, emphasis added). In addition, the District Court determined

that "*even if he were eligible, taking in consideration 3553 (a) factors, the*

*Court would not reduce his sentence because of his heinous criminal record.*"

(<u>See</u>, Docket No. 1981, Addendum, pg. 4, emphasis added).

Judgment was entered on November 7, 2023. (<u>See</u>, Docket No. 1987,

Addendum, pg. 3). A timely appeal ensued on November 19, 2023. (<u>See</u>, Docket

No. 1982, Addendum, pg. 1).

## IV.  <u>SUMMARY OF ARGUMENTS</u>

**THE DENIAL OF A REDUCED SENTENCE UNDER THE FIRST STEP
ACT OF 2018 IS AN ERROR OF LAW AND ALSO CONSTITUTES AN
ABUSE OF DISCRETION FOR THE FOLLOWING REASONS:**

**(A)   MR. RODRIGUEZ REYES WAS ELIGIBLE  FOR A REDUCED
SENTENCE BECAUSE THE FIRST SENTENCING ACT OF 2010
MODIFIED THE STATUTORY PENALTIES FOR HIS CRACK COCAINE
CONVICTION FOR AN OFFENSE COMMITED UNDER 21 U.S.C. §841
(a)(1) PRIOR TO THE FAIR SENTENCING ACT OF 2010.**

**(B)   THE DISTRICT COURT FAILED TO CONSIDER THE BROAD
SCOPE OF INTERVENING CHANGES OF FACTS AND THE LAW
SINCE MR. RODRIGUEZ-REYES' PRIOR SENTENCE.**

**(C)   THE DISTRICT COURT FAILED TO EXPLAIN ITS' DECISION
AND DEMONSTRATE THAT IT CONSIDERED THE PARTIES'
ARGUMENTS.**

**(D)   THE DENIAL OF THE SENTENCE REDUCTION MAINTAINING
THE PREVIOUS SENTENCE IN EFFECT RESULTED IN A SENTENCE
GREATER THAN NECESSARY THAT FAILED TO CONSIDER THE**

**INTERVENING CHANGES OF LAW AND FACT THAT WARRANTED A MUCH LOWER SENTENCE.**

## V.     STANDARDS OF REVIEW

This Court reviews "*de novo* questions of statutory interpretation…and whether a district court had the authority to modify a term of imprisonment,… United States v. Jones, 962 F. 3d 1290, 1296 (1st Cir. 2020)(citation omitted).  See also, United States v. Fanfan, 558 F. 3d 105, 107 (1st Cir. 2009); United States v. Smith, 954 F. 3d 446, 448 (1st Cir. 2020)(citation omitted); United States v. Concepción, 991 F. 3d 279, 284 (1st Cir. 2021)(reversed on other grounds in Concepcion v. United States, 142 S. Ct. 2389, 213 L. Ed. 2d 731, 597 U.S. 481 (2022). "*A district court abuses its discretion when it commits a "material error of law*." United States v. Ayala Vazquez, 96 F. 4th 1, 12 (1st Cir. 2024)(citation omitted). The review of the denial of an eligible movant's request for a reduced sentence under the First Step Act is for abuse of discretion. Id., (citation omitted).

## VI.     ARGUMENTS

**ARGUMENT (A)**

**MR. RODRIGUEZ REYES WAS ELIGIBLE   FOR A REDUCED SENTENCE BECAUSE THE FIRST SENTENCING ACT OF 2010 MODIFIED THE STATUTORY PENALTIES FOR HIS CRACK COCAINE CONVICTION FOR AN OFFENSE COMMITED UNDER 21 U.S.C. § 841 (a)(1).**

Congress enacted the Fair Sentencing Act in August 2010. See Pub. L. 111-220, 124 stat. 2372 (2010). The reason for doing so was to reform the penalties for crack cocaine offenses that were considered overly harsh and to have a disparate heavy impact on African-American defendants. See, Dorsey v. United States, 567 U.S. 260, 268, 132 S. Ct. 2321, 183 L.Ed.2d 250 (2012). Consequently, the Fair Sentencing Act lowered the statutory penalties for some offenders involving crack cocaine. Section 2 changed said penalties as follows: the amount of crack cocaine required to trigger a ten-year mandatory minimum and life sentence was increased from 50 to 280 grams, 21 U.S.C. § 841 (b)(1)(A)(iii).  The mandatory minimum sentence for 28 grams or more was reduced 5 years and not more than 40 years, 21 U.S.C. § 841 (b) (1)(B) (iii). Said Act became effective on August 3, 2010.

In 2018,  the First Step Act was signed into law. See, First Step Act of 2018, Pub. L. No. 115-391, Sec. 404. Section 404 offers certain  persons convicted under § 841 a chance to seek a retroactively reduced sentence. In its relevant part, Sec. 404 provides:

(a)DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by a section 2 or 3 of the Fair Sentencing Act of 2020 (Public Law 111-220; 124 Stat. 2372), **that was committed before August**

**3, 2010**.

(b) DEFENDANTS PREVIOUSLY SENTENCES.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in **effect at the time the covered offense was committed**. First Step Act of 2018 Sec. 404, 132 Stat. at 5222 (2018)(emphasis added).

Relief under the First Step Act is discretionary. *See id,* Sec. 404 (c) (providing that *"[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section*." Section 404 (c) places the following limits on the courts re-sentencing power:

"LIMITATIONS.---No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010…or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id*.

As provided by the above cited Section 404 (a) of the First Step Act

"covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010…, ***that was committed before August 3, 2010***." Fair Step Act § 404 (a) (emphasis added). "The word "committed" is easily read to refer solely to the timing of the conduct underlying the conviction." United States v. Henderson, 399 F. Supp. 3d 648, 653 (District Ct. W.D. Louisiana 2019)(citing United States v. Martin, 2019 WL 2571148, *3 (EDNY June 20, 2019). "Since § 841 (b)(1) was "modified" as to crack cocaine, and § 831 (b)(1) set forth all the "statutory penalties" for § 841 (a)(1), the violation in this case is a "covered offense" under Section 404 of the First Step Act." United States v. Smith, 954 F. 3d 446, 450 (1st Cir. 2020).

In this case, the District Court erroneously concluded that Mr. Rodriguez-Reyes was not eligible for a reduction of his sentence under the First Step Act because "*he was sentenced when the Fair Sentencing Act was already applicable.*" (See, Docket No. 1981, Addendum, pg. 4, emphasis added). As discussed above, that is not the standard provided by the First Step Act for an offense to be covered under the statute.

Mr. Rodriguez-Reyes' drug conviction was pursuant to 21 U.S.C. § 841 (b)(1) and § 841 (a)(1) under the penalties of 10 year minimum and maximum of

life imprisonment provided prior to the Fair Sentencing Act although said statutory penalties were modified by the Fair Sentencing Act of 2010 as follows: the mandatory minimum sentence on count 1 under § 841 (b)(1) and § 841 (a) (1) was reduced to five (5) years, and the maximum sentence reduced to forty (40) years. (See, 21 U.S.C. § 841 (b)(1)(A)(iii). The drug offenses were committed by Mr. Rodriguez-Reyes prior to August of 2010. *See First Step Act, § 404 (a) and (b)*.

Moreover, neither of the statute's limitations apply to him. *See id. Sec. 404 (c)*. Mr. Rodriguez-Reyes continues to serve a sentence that has not already been reduced and has not filed a prior motion for reduction of sentence since the First Step Act was enacted. *See id*. Had the District Court applied the First Step Act when he was sentenced, the applicable mandatory minimum for his drug offense would have been five (5) years and not more than forty (40) years pursuant to 21 U.S.C. § 841 (b) (1)(B) (iii).

"Therefore, the requirement that "a sentence for the offense [have] not been imposed as of such date of enactment," FSA § 401 (c), 132 Stat. at 5221 (emphasis added), is best understood to preclude an appellant from using the FSA to challenge a pre-FSA sentence on appeal-a reading that comports with our prior case law. *See Brunson*, 968 F. 3d at 335. Indeed, Congress "elected not to reopen sentences in place on the date of enactment." *Uriarte*, 975 F. 3d at 606. … Any

new sentence imposed after enactment must comply the FSA's requirements. Congress designed Section 401 to reduce mandatory drug sentences. This Court's construction of Section 401 (c) gives effect to the congressional intent that "its new policy determination effectively control [s] every sentence after" the date of enactment. *See id*. (emphasis added)." <u>United States v. Bethea</u>, 841 Fed. Appx. 544 (4th Cir. 2024)(unpublished).[8]

Consequently, and pursuant to the provisions of the Fair Sentencing Act of 2010 which were made retroactive by the First Step Act of 2018, Mr. Rodriguez Reyes was no longer subject to a ten-year mandatory minimum sentence on count 1of conspiracy to possess with intent to distribute more than 50 grams of cocaine as convicted by the jury. For this reason, the term of imprisonment for said offense should have been five (5) years to a maximum of 40 years- the then current mandatory minimum for trafficking between 28 and 280 grams of crack cocaine under Sec. 841(b)(1). *See id Sec. 404 (b)*.

Therefore, the District Court erred in concluding that Mr. Rodriguez-Reyes was not eligible for the adjustment of the sentenced imposed under the Pre-First Step Act law. Evidently, when the First Step Act of 2018 was made retroactive, he

---

[8] Pursuant to Rule 32.1.0 (a) of the Local Rules of this Court this decision is cited for its' persuasive value.

was eligible for a much lower sentence than the sentence applied to him when sentenced. Likewise, the sentencing Court applied the 2009 version of the United States Sentencing Manual which did not incorporate the Fair Sentencing Act's enactment. Consequently, he should have been considered for a reduction of his sentence.  In ruling to the contrary as a basis for denying the reduction of his sentence, the Court erred as a matter of law and abused its discretion.

**ARGUMENT (B)**

**(B)   THE DISTRICT COURT FAILED TO CONSIDER THE BROAD SCOPE OF INTERVENING CHANGES OF FACTS AND THE LAW SINCE MR. RODRIGUEZ-REYES' PRIOR SENTENCE.**

"…[A] federal judge in deciding to impose a sentence "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker*, 404 U.S. 443, 446, 92 S. Ct. 589, 30 L. Ed.2d 592 (1972)." Concepción v. United States, 597 U.S. 481, 486 (2022), 142 S. Ct. 2389, 2399 (2022).  "The discretion federal judges hold at initial sentencings also characterizes sentencing modification hearings. Relying on *Williams* and *Koon*, the Court in *Pepper* found it "clear that when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, *a district court may consider evidence of a defendant's rehabilitation since his prior sentencing*." 562 U.S. at 490, 131 S. Ct. 1229.

*Pepper* reached the conclusion in light of the "federal sentencing framework" that allows sentencing judges to consider the " '*fullest information possible concerning the defendant's life and characteristics*.' " *Id.*, at 488, 490, 131 S.Ct. 1229." Concepción v. United States, at 492-493, 142 S. Ct. 2399 (emphasis added).

"Accordingly, federal courts resentencing individuals whose sentences were vacated on appeal regularly consider evidence of rehabilitation developed after the initial sentencing. See, e.g. *United States v. Rodriguez*, 2020 WL 2521551, *5 (SDNY, May 18, 2020)(considering the movant's "exemplary conduct during a lengthy period of incarceration"); *United States v. Raifsnider*, 2020 WL 1503527, *3 (D Kan., Mar. 30, 2020)(considering that the movant "has completed his GED, taken hundreds of hours of programming offered by the Bureau of Prisons, and is taking college classes")…" Concepción v. United States, at 493, 142 S. Ct. 2400.

Moreover, "[W]here district courts must calculate new Guidelines ranges as part of resentencing proceedings, courts have also considered unrelated Guidelines changes in their discretion. See, e.g. *United States v. Frates*, 896 F. 3d 93, 101-102 (C.A. 1 2018)(distinguishing between recalculating a Guidelines range based on nonretroactive intervening changes of law and considering those changes as a matter of "discretion to select an appropriate sentence"); *United States v. Taylor*,

648 F. 3d 417, 425 (C.A.6 2011)("[T]he district court can consider subsequent amendments to the Guidelines for purposes of fashioning an appropriate sentence [at resentencing]"); *United States v. Gilmore*, 599 F. 3d 160, 166-167 (C.A. 2 2010)(considering subsequently updated Guidelines as "evidence of society's judgment of the seriousness of [the movant's] offense"). In many cases, a district court is prohibited from recalculating a Guidelines range in light of retroactive Guidelines amendments, but the court may find those amendments to be germane when deciding whether to modify a sentence at all, and if so, to what extent." Concepción v. United States, at 493-494, 142 S. Ct. 2400.

"Thus, the language Congress enacted in the First Step Act specifically requires district courts to apply the legal changes in the Fair Sentencing Act when calculating the Guidelines if they chose to modify a sentence. The "as if" clause does not, however, limit the information a district court may use to inform its decision whether and how much to reduce a sentence." Concepción v. United States, at 497-498, 142 S. Ct. 2402. Therefore, it is the Supreme Court's holding that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." Concepción v. United States, at 500, 142 S. Ct. 2404.

In this case, the District Court denied Mr. Rodriguez-Reyes' First Step

Act's motion without first considering changes in the law because of the retroactive application of the Fair Sentencing Act under the First Step Act or Sentencing Guidelines that may have applied to Mr. Rodriguez-Reyes that would have justified a reduction.

Neither the sentencing Court considered the evidence presented of Mr. Rodriguez-Reyes' rehabilitation. Therefore, it failed to consider his past long history of almost 20 years of time served in prison and the evidence presented showing that while incarcerated he participated in over 1,962 hours of BOP educational and vocational programs, including completion of Re-Entry Life Skills class, the employment Skills class, Personal Development, the Parenting class, Bee keeping, and his participation in hundreds of hours of English as a Second Language training.[9]   The District Court also failed to consider the evidence presented by Mr. Rodriguez Reyes of his rehabilitation. Faith was given by a member of the Federal Bureau of Prisons Staff regarding the same as follows:

"*I can attest that you have done a job in your studies exceptionally well, and mimic attributes of the pillars of our communities within here and on the outside. I believe that you have come a long way and society would be happy to know hat. You have been rehabilitated and have become a responsible individual.*

*You are a truly success story*." (See, Federal Bureau of Prisons Staff's disposition,

Appendix at pg. 19).

Simply, via a written order, the sentencing Judge Besosa erroneously

concluded that Mr. Rodriguez-Reyes was not eligible when, as previously

discussed, he was covered under the First Step Act, as the new law.  Moreover, the

District Judge Besosa determined that "*even if he were eligible, taking in

consideration 3553 (a) factors, the Court would not reduce his sentence because of

his heinous criminal record*." (See, Docket No. 1981, Addendum, pg. 4, emphasis

added).

Although the court must also address the applicable sec. 3553 (a)

sentencing factors and the offenses for which Mr. Rodriguez-Reyes was

sentenced were serious, it is important to note as to his history and

characteristics that he had no criminal record. His criminal category for

sentencing purposes under the United States Sentencing Guidelines was 1. (See,

PSR, pg. 32, paragraph 129, Confidential Appendix, pg. 9, paragraph 129). In

addition, the PSR indicates that Mr. Rodriguez-Reyes had a difficult childhood,

his father was a drug addict, and his mother was an alcoholic. His mother

physically abused and neglected him. (See, PSR, pg. 32, paragraph 132,

---

[9]     See, evidence of programs completion, Appendix at pgs. 20-27.

Confidential Appendix, pg. 9, paragraph 132). Based on these factors, which were considered in the PSR, the United States Probation Officer concluded that "[*T*]*hese traumatic experiences might have contributed to the development of Mr. Rodriguez-Reyes' antisocial personality traits*." (See, PSR, pg. 37, paragraph 162, Confidential Appendix, pg. 14, paragraph 162).

The District Court upon denying Mr. Rodriguez-Reyes Motion for First Step Act's relief failed to be persuaded by all the above non-frivolous arguments regarding the changes of law and facts which were essential and relevant for a determination of whether or not to reduce a sentence pursuant to the First Step Act. Although under Section 404 (c) of the First Step Act the District Court has discretion to reduce the sentence, it abused its discretion in simply denying the same without considering all the relevant post-sentencing changes of law and facts applicable to him.

**ARGUMENT (C)**

**(C)THE DISTRICT COURT FAILED TO EXPLAIN ITS' DECISION AND DEMONSTRATE THAT IT CONSIDERED THE PARTIES' ARGUMENTS.**

"It follows, under the Court's sentencing jurisprudence, that when deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments. It is well

established that a district court must generally consider the parties nonfrivolous

arguments before it. See *Golan v. Saada*, 596 U.S. ___,___, 142 S. Ct. 1880,

1893, ___L.Ed.2d____ (2022)." Concepción v. United States, at 500-501, 142 S.

Ct. 2404. "All that the First Step Act requires is that a district court make clear

that it "reasoned through [the parties'] arguments." Concepción v. United States,

at 501, 142 S. Ct. 2404 (citing United States v. Maxwell, 991 F. 3d 685, at 693

(C.A.6 2021).

Because in this case, the District Court failed to consider the arguments

presented by Mr. Rodriguez-Reyes, it abused its discretion in denying the First

Step Act sentence reduction requested.

**ARGUMENT (D)**

**(D)    THE DENIAL OF THE SENTENCE REDUCTION MAINTAINING
THE PREVIOUS SENTENCE IN EFFECT RESULTED IN A SENTENCE
GREATER THAN NECESSARY THAT FAILED TO CONSIDER THE
INTERVENING CHANGES OF LAW AND FACT THAT WARRANTED A
MUCH LOWER SENTENCE.**

In reviewing the substantive reasonableness of a sentence, the Court of

Appeals "focuses on the duration of the sentence in light of the totality of the

circumstances." United States v. Guzman-Fernandez, 824 F. 3d 173, 176 (1st Cir.

2016) (citing United States v. Del Valle Rodriguez, 761 F. 3d 171, 176 ( 1st Cir.

2014).

Here, the sentencing Court's decision to deny a sentencing reduction concentrated on the District Judge's finding that Mr. Rodriguez-Reyes was ineligible. Even assuming he was eligible, the sentencing Court focused on Mr. Rodriguez-Reyes' criminal history which he characterized as "hegenious".

However, viewing the present case in real context, the sentencing Court failed to give any reason specific to Mr. Rodriguez-Reyes' criminal history which was category one (1), that justified leaving the life sentence unaltered.

As this Court of Appeals have ruled: "Everything depends on context." United States v. Flores-Machicote, 706 F.3d 16, 25 (1st Cir. 2013).

It is undisputed that the First Step Act was specifically intended to provide relief to criminal defendants like Mr. Rodriguez-Reyes who were sentenced to crack cocaine offenses under the law applicable prior to the First Sentencing Act. Because Mr. Rodriguez-Reyes is eligible for a relief, the District Court was allowed to impose a reduced sentenced based on the Fair Sentencing Act of 2010 penalties and the recalculated guideline range according to the First Step Act and the section 3553 (a) factors.

He is now subject to the reduced penalties under Sec. 841 (b)(1) from life to a maximum of 40 years of imprisonment. He has already served almost 20 years of his original life sentence which is a considerable penalty. It is also worth pointing

out that he has shown an extraordinary effort to rehabilitate in the almost 20 years he has served in prison. See, United States v. Khut, 2019 WL 4345294 (D.C. MA 2019)(unpublished)[10](accepting deduction of sentence based on defendant's behavior during the 16 years he had served in prison). In addition, his post sentence rehabilitation and behavior, his difficult childhood and the change of the law were relevant and non-frivolous factors that justified a reduction of the sentence imposed.

However, the District Court failed to consider alternatives to Mr. Rodriguez-Reyes who could have been "plenary sentencing in which case his GSR (Guideline Sentencing Range) would potentially be recalculated under the current version of the Sentencing Guidelines Manual,… or he might be eligible for procedure (either with or without hearing) in which case his GSR (Guideline Sentencing Range) would remain" as it was in 2010 but the district court might nevertheless vary downward. United States v. Smith, 954 F. 3d 446, 452 (1st Cir. 2020)(appeal from a denial of sentence reduction under the First Step Act after the sentencing court found that the defendant was ineligible. Decision reversed and case remanded for consideration of whether to deny or grant the sentencing reduction requested).

For these reasons the District Court's decision to deny his request for a

---

[10] See, fn. 8.

reduced sentence thus leaving the life sentence unaltered is a sentence greater than necessary for this offense. It was not a "plausible sentencing rationale and a defensible result." See, United States v. Valle-Colon, 21 F. 4th 44, 50 (1st Cir. 2021) (citing United States v. Vargas-Garcia, 794 F. 3d 162, 167 (1st Cir. 2015). Therefore, the denial of the sentence reduction leaving the life sentence unaltered was substantively unreasonable that constituted a punishment greater than necessary under his circumstances. See, United States v. Nasir Addul-Ali, 19 F. 4th 835, 837 (5th Cir. 2021)(Court did not abuse its discretion reducing defendant's sentence on Count under 841 (a)(1) and (b)(1)(A) from life to 40 years under the First Step Act although significant prison term was still warranted based on other factors). See also, United States v. Harris, 960 F. 3d 1103 (8th Cir. 2020)(Court did not abuse its discretion when reducing defendant's sentence under the First Step Act from 240 months to 216 months after being convicted for possessing with intent to distribute more than 50 grams of cocaine. Reduced sentence was found to be substantively reasonable after considering defendant's appearance of significant progress in completing job training and educational programs in prison).

## VII.   CONCLUSION

Because the District Court failed in the application of the Fair Sentencing Act of 2010 and First Step Act of 2018, and the corresponding United States

Sentencing Guidelines and the §3553 (a) sentencing factors, it erred as a matter of law and abused its discretion in denying Mr. Rodriguez-Reyes' request to reduce his life sentence. Thus, by leaving the life sentence unaltered the District Court abused its discretion and imposed a punishment that was procedurally unreasonable and greater than necessary for the offense.

Based on the above arguments, Mr. Rodriguez-Reyes respectfully prays that the order denying the reduction of his sentence  be reversed and remanded so that he be re-sentenced accordingly.

In San Juan, Puerto Rico, this 8th of July 2024.

**S/MARIA SOLEDAD RAMIREZ-BECERRA LAW OFFICE**
P.O. Box 40284
San Juan, Puerto Rico 00940
Tel. (787) 725-7776
USDC-PR NO. 206402

**S/MARIA SOLEDAD RAMIREZ-BECERRA**

## VIII.   CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations and that according to the Word-Processing System used to prepare this brief as the same contains 5,724 words and 598 lines.

# IX. CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this date this brief was electronically filed in the

United States Court of Appeals for the First Circuit and that the same was notified

to:

**Antonio L. Perez-Alonso, Esq.**
United States Attorney's Office
350 Carlos Chardon St.
Torre Chardón Suite 1201
San Juan, Puerto Rico 00918


**Mr. Jerry Omar Rodriguez-Reyes**
Reg. # 30100-069
FCI HAZELTON
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV 26525


In San Juan, Puerto Rico, this 8th of July  2024.

**S/MARIA SOLEDAD RAMIREZ
BECERRA LAW OFFICE**
P. O Box 40284
San Juan, Puerto Rico 00940
Tel. (787) 725-7776


**S/MARIA SOLEDAD RAMIREZ-
BECERRA**
USDC-PR NO. 206402

# United States Court of Appeals
## For the First Circuit

No. 23-2037

————————————————

## UNITED STATES

### Appellee,

### v.

### JERRY OMAR RODRIGUEZ-REYES, a/k/a Quiri

### Defendant-Appellant

————————————————————

### On appeal from the United States District Court for the District of Puerto Rico

————————————————

### ADDENDUM OF BRIEF FOR DEFENDANT-APPELLANT
### JERRY OMAR RODRIGUEZ-REYES, a/k/a Quiri

**MARIA SOLEDAD RAMIREZ BECERRA**
**MARIA SOLEDAD RAMIREZ-BECERRA LAW OFFICE**
Minillas Station
P.O. Box 40284
San Juan, Puerto Rico 00940
Tel. (787) 725-7776
msrblawoffice@gmail.com
Court Appointed Counsel for Appellant

# United States Court of Appeals
## For the First Circuit

No. 23-2037

———————————————

### UNITED STATES

#### Appellee,

#### v.

### JERRY OMAR RODRIGUEZ-REYES, a/k/a Quiri

#### Defendant-Appellant

———————————————————

**On appeal from the United States District Court for the District of Puerto Rico**

———————————————

### ADDENDUM OF BRIEF FOR DEFENDANT-APPELLANT
### JERRY OMAR RODRIGUEZ-REYES, a/k/a Quiri

———————————————

### TABLE OF CONTENTS

Page

I.    NOTICE OF APPEAL ................................................................1-2

II.   ORDER REGARDING MOTION FOR SENTENCE REDUCTION ........................................................................3

III.  ORDER (DOCKET NO. 1981) ................................................4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | |
| Vs. | Crim. No. 06-299 (FAB) |
| JERRY O. RODRIGUEZ-REYES, | |
| Defendant | |

### NOTICE OF APPEAL

**TO THE HONORABLE COURT:**

    **NOW COMES** defendant Jerry O. Rodriguez-Reyes through the undersigned attorney and hereby appeals to the United States Court of Appeals for the First Circuit from the Order issued by the U.S. District Court for the District of Puerto Rico, Honorable Francisco A. Besosa, on November 7, 2023, and entered on November 7, 2023. [Docket Entry 1981].

    Respectfully submitted in San Juan, Puerto Rico on the 19th day of November, 2023.

*S/ Ramon M. Gonzalez*
**RAMON M. GONZALEZ**
USDC Number 202313
Attorney for Defendant
P.O. Box 195493
San Juan, PR  00919-5493
Tel. (787) 593-8281/722-6930
Email: rmgonzalezesq@gmail.com

### CERTIFICATE OF SERVICE

1

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all interested attorneys/ parties.

S/ Ramon M. Gonzalez
**RAMON M. GONZALEZ**

Addendum pg. 3

AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Jerry O. Rodriguez-Reyes (8) | ) |
| | ) |
| Date of Original Judgment:        12/07/2010 | ) |
| Date of Previous Amended Judgment: _____ | ) |
| *(Use Date of Last Amended Judgment if Any)* | ) |

Case No:   3:06-cr-00299-08 (FAB)
USM No:   30100-069

Luis Guzman-Dupont, Esq.
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑DENIED.  ☐GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated    12/07/2010    shall remain in effect.
**IT IS SO ORDERED.**

Order Date:    11/07/2023                          S/ FRANCISCO A. BESOSA
                                                              *Judge's signature*

Effective Date: _____              Francisco A. Besosa, Senior US District Judge
        *(if different from order date)*              *Printed name and title*

apply.

## United States District Court

## District of Puerto Rico

### Notice of Electronic Filing

The following transaction was entered on 11/7/2023 at 12:28 PM AST and filed on 11/7/2023
**Case Name:**       USA v. Pagan-Narvaez et al
**Case Number:**    3:06-cr-00299-FAB
**Filer:**
**Document Number:** 1981(No document attached)

**Docket Text:**
**ORDER re [1968] Motion to Reduce Sentence as to Jerry O. Rodriguez-Reyes (8): DENIED.
Defendant is not eligible for relief pursuant to the First Step Act because he was sentenced
when the Fair Sentencing Act was already applicable. In addition, even if he were eligible,
taking in consideration 3553(a) factors, the Court would not reduce his sentence because of
his heinous criminal record. Signed by Senior Judge Francisco A. Besosa on 11/07/2023. (brc)**

**3:06-cr-00299-FAB-8 Notice has been electronically mailed to:**

Thomas R. Lincoln-San-Juan     lincolnlaw@gmail.com

Irma R. Valldejuli-Perez     irvalldejuli@gmail.com

Lydia Lizarribar-Masini     lizarribarlaw@gmail.com, llizarribar@microjuris.com, llmlaw3@gmail.com

Jose R. Aguayo     joseraguayo@gmail.com

Miriam R. Ramos-Grateroles     mramosgrateroles@gmail.com, miriamrg@prtc.net

Ramon L. Garay-Medina     garaylawpr@hotmail.com, garaylaw1@gmail.com

Ramon M Gonzalez-Santiago     rmgonzalezesq@gmail.com, rmgonzalezesq@aol.com

Rachel Brill - INACTIVE     rabrill@gmail.com

Jose F. Quetglas     jfquetglas@gmail.com

Luis A. Guzman-Dupont     guzmandupont@yahoo.com

Carlos A. Vazquez-Alvarez     carlos_vazquez@fd.org, anna_oakes@fd.org

Ignacio Fernandez-De-Lahongrais     ignacio@bufetefernandezalcaraz.com

Elfrick Mendez-Morales     elfrickmendez@yahoo.com, elfrickmendez@aol.com

Yasmin A. Irizarry     yasmin_irizarry@fd.org, anna_oakes@fd.org